IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:21-cr-00052 |
| | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| v. | ) | MEMORANDUM |
| | ) | |
| JASON LAURAN KINMAN, | ) | |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced on September 20, 2022. The defendant pled guilty to Counts 1, 2 and 5 of the Superseding Indictment charging Distribution of a Child Pornography in violation of Title 18, United States Code, Section 2252(a)(2), 2252(b)(1), Coercion and Enticement of a Minor in violation of Title 18, United States Code, Section 2422(b) and Count 5 of the Superseding indictment charging Production of Child Pornography in violation of Title 18, United States Code, Section 2251(a), 2251(e). The Presentence Investigation Report ("PSR") has calculated an advisory guideline sentence of life imprisonment, based upon a Total Offense Level of 43 and a Criminal History Category of IV. (PSR ¶ 160).

## I. ISSUES TO RESOLVE AT SENTENCING

The PSR calculated a base offense level 22 as to Count 1 pursuant to USSG §2G2.2(a)(2). (PSR ¶ 45.) A 6-level enhancement was applied for persuading a minor to engage in illegal activity pursuant to USSG §2G2.2(b)(3)(D). (PSR ¶ 46). A 5-level enhancement was applied for the sexual abuse or exploitation of a minor pursuant to USSG §2G2.2(b)(5). (PSR ¶ 47). A 2-level enhancement was added for use of a computer pursuant to USSG §2G2.1(b)(6). (PSR ¶ 48.) There was also a 5-level enhancement for the number of images, 660 or more pursuant to §2G2.2(b)(7)(D). (PSR ¶ 49.) The adjusted offense level for Count 1 is 40. (PSR ¶ 53.)

The PSR calculated a base offense level 28 as to Count 2 pursuant to USSG §2G1.3(a)(3). (PSR ¶ 54.) A 2-level enhancement was applied for use of a computer pursuant to USSG §2G1.3(b)(3)(A). (PSR ¶ 55). The adjusted offense level for Count 2 is 30. (PSR ¶ 59.)

The PSR calculated a base offense level 32 as to Count 5 pursuant to USSG §2G2.1(a). (PSR ¶ 60.) A 2-level enhancement was applied for knowing distribution pursuant to USSG §2G2.2(b)(3). (PSR ¶ 61). A 2-level enhancement was added for use of a computer pursuant to USSG §2G2.1(b)(6). (PSR ¶ 62.) The adjusted offense level for Count 5 is 36. (PSR ¶ 66.)

The greatest adjusted offense level is 40. There is a multiple count adjustment that adds 2 levels pursuant to §3D1.4.( PSR ¶ 69.) The PSR calculated a 5-level enhancement for pattern of activity pursuant to §4B1.5(b)(1). (PSR ¶ 71.)

A 3-level reduction was applied for acceptance of responsibility pursuant to USSG §3E1.1(a),(b). (PSR ¶¶ 72, 73.)   The Government will advocate for that third level of acceptance to the Court.   Based on the above calculation, the total offense level is 43. (PSR ¶ 74.)

The defendant filed an objection to the 5-level enhancement in paragraph 71 of the PSR. The government supports the enhancement and will make a legal argument as to its application at the time of sentencing.   Thus there are two issues to resolve at sentencing, the appropriate guideline range, and the appropriate/reasonable sentence to be imposed after full and fair consideration of the USSG §3553(a) factors.

## II.   18 U.S.C. § 3553(a) FACTORS

The government asserts that the defendant's conduct warrants a sentence of 300 months as advocated by the parties in the plea agreement filed at docket 41. The Court clearly has the authority to vary from the recommended sentence based on factors listed in 18 U.S.C. § 3553(a).   The Court is not required to do so, however.   In any event, the Court needs to determine a "reasonable sentence" using the Guidelines established sentence as a starting point.

The first factors the court looks at is, the nature and circumstances of the offense and the history and characteristics of the defendant.   The nature and circumstances of this offense are appalling.   The defendant's actions involved several victims, took great time and effort, and were devious and self-serving.   The defendant messaged young girls and if they were naive enough to respond, began

communicating with him. The defendant manipulated children and convinced some of the girls to send him pictures or videos of their bodies and also sent images and videos of his penis and masturbating.

The PSR highlights the behaviors of the defendant with each girl. The defendant made an investment in his time and effort to communicate with several middle school aged girls. The defendant also drove several hours away to meet up with a middle school age girl and had this child in his car in the back seat while her grandmother was in the house. The defendant impacted their lives by befriending them, showing an interest in them, showing them pornography and child pornography, and encouraging sex acts. The defendant's words and actions will impact these young girl's future relationships, especially the children that he received and distributed child pornography…the Court is well aware that once an image or video is uploaded to the Internet, it cannot be erased.

The defendant's actions were not an accident, they were planned out, cunning, with an end goal in mind. The defendant engaged children online for sexual motivation and interest. He also had a high school aged brother, who he used to facilitate access to high school aged girls.

The defendant does have a criminal history that includes several driving under the influence convictions in 2001, 2005, 2006, and 2017. (PSR ¶¶ 94, 96, 98, 100.) The defendant also has possession of controlled substance convictions in 2012 and 2019. (PSR ¶¶ 99, 104.) He also has domestic assault and violation of a protection order convictions in 2017. (PSR ¶¶ 102, 103.)

The defendant does have mitigating factors for the court to consider. The defendant reports that he witnessed domestic violence as a child and was held at gunpoint as a teenager. The defendant reported a good relationship with his mother, stepfather, and siblings. The defendant does report a mental health diagnosis for ADHD and depression. (PSR ¶ 129.) He reports a substance abuse history and addiction. (PSR p. 23.) The defendant also has a history of gainful employment. (PSR pp. 24-25.)

The court must consider adequate deterrence to both this defendant as well as others who are similarly situated and to those that pay attention to the sentences imposed for child sex crimes. The court should also consider the protection of the community and the potential for rehabilitation of the defendant when crafting an appropriate sentence. A sentence recommended by the parties is necessary, just, and would protect the community, deter similar conduct, promote respect for the law, and reduce the disparity in sentences by sex offenders.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By: *S/Shelly Sudmann*
Shelly Sudmann
Assistant United States Attorney
2146 27th Avenue
Council Bluffs, Iowa 51501
Tel: 712-256-5009
Fax: 712-256-5112
Email: shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2022, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

\_\_\_\_U.S. Mail \_\_\_\_ Fax \_\_\_\_Hand Delivery

\_X\_ECF/Electronic filing \_\_\_\_Other means

UNITED STATES ATTORNEY

By:\_\_\_*/s/PAC*_____
     Paralegal Specialist